IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD BOYD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | C.A.No. 04-1446-GMS |
| ) | |
| THOMAS L. CARROLL, ) | |
| ) | |
| Respondent. ) | |

ANSWER

Pursuant to the Rules Governing § 2254 Actions, 28 *U.S.C.* foll. § 2254, Respondent states the following in response to the petition for writ of habeas corpus:

On July 13, 1995, Richard H. Boyd pled guilty to a host of drug and weapons charges. The Superior Court sentenced Boyd to a total of 12 years at level V, suspended after 10 years for 2 years of decreasing levels of supervision. *Boyd v. Garraghty*, 202 F.Supp.2d 322 (D. Del. 2002). After his plea, Boyd was placed at the Delaware Correctional Center ("DCC") where he remained until May 30, 1998. On that date, Boyd was transferred to an out-of-state facility until he returned to the DCC on January 10, 2001. Boyd remained at the DCC until July 22, 2002 when he was transferred to the Plummer Center, a level IV work-release facility. Boyd remained at the Plummer Center until October 17, 2002 when he was returned to level V on an administrative warrant and was placed at Gander Hill. Boyd remained at Gander Hill until December 19, 2002 when he was again sent to the DCC. Boyd remained at the DCC until January 30, 2004, when he was transferred to the Sussex Correctional Institution ("SCI"). Boyd remained at SCI until March 15, 2004 when he was transferred to the DCC. Boyd was held at the DCC

until November 17, 2004. After August 5, 2004, Boyd was serving part of his level IV time at level V, until bed space was available for him at another facility. Boyd was released from the DCC to the Central Violation of Probation Center ("CVOP") on November 17, 2004, where he remained until December 9, 2004. Boyd was then transferred to the Sussex Halfway House where he remained until January 6, 2005 when he was released to serve the probationary portion of his sentence. As of the date of this writing, Boyd remains under the custody of the Department of Correction at supervision level III, intensive probation.

Between February 28, 2003 and his January 6, 2005 release, Boyd filed 11 state petitions for writ habeas corpus in Superior Court challenging his incarceration. The Superior Court denied all of these petitions, most recently on December 15, 2004. Boyd took no appeals from any of these Superior Court orders.

Boyd has presented only one claim for relief in his federal petition for writ of habeas corpus: that he is being held unlawfully at the Delaware Correctional Center, and should instead be placed on level III, pending bed space availability at a work release facility. Boyd has not challenged the Superior Court's conviction or sentence order.

Boyd's claim must fail under 28 *U.S.C.* § 2254(a) as he has not alleged that he is in custody in violation of the Constitution or laws of the United States, but has merely challenged the conditions of his confinement. A petitioner seeking federal habeas relief may only challenge the fact or duration of confinement and not merely the rules, customs, and procedures affecting the conditions of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973); *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). *See also Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (inmate has no legitimate

statutory or constitutional right in prison classification sufficient to invoke due process). This Court has at least three times rejected similar habeas petitions brought by inmates challenging the location of their incarceration. *See Heckinger v. Brewington-Carr*, Civ. A. No. 98-339 (D. Del. June 15, 1999) (Ex. A); *Zecca v. Williams*, 2000 WL 1092125 (D. Del. July 21, 2000) (Ex. B); *Oberly v. Kearney*, 2000 WL 1876439 (D. Del. Dec. 15, 2000) (Ex. C). In *Heckinger*, the petitioner claimed that he was entitled to be placed at work release, rather than full custodial incarceration. This Court rejected the claim, finding that a civil rights complaint was the proper vehicle to bring such a claim, not a petition for writ of habeas corpus. *Heckinger,* at 3.

This Court's decisions in *Zecca* and *Oberly* directly control the instant petition. The prisoner in *Zecca* did not challenge either his conviction or sentence, but rather alleged excessive incarceration at level V waiting for bed space at the boot camp diversion program. *Zecca,* at 2-3. Because Zecca did not allege that he had been held beyond the terms of his minimum mandatory sentence, this Court held that his habeas petition failed to allege a constitutional violation, and therefore failed to state a claim for relief under 28 *U.S.C.* § 2254. *Zecca*, at 3. Similarly in *Oberly* this Court stated, "The sentencing judge's statement that Oberly be transferred from Level V to Level IV or Level III is not a quantum change in the level of custody sufficient to make the issuance of a writ of habeas corpus the proper remedy for relief since, at a minimum, Oberly would still be subject to intensive supervision." *Oberly,* at *2. As Boyd seeks only a transfer from level V incarceration to level IV, his petition for writ of habeas corpus must likewise fail. Because Boyd's claim is not cognizable under section 2254, he is not

3

required to exhaust state remedies. *See Tillett v. Freeman*, 868 F.2d 106, 108 (3d Cir. 1989).

As of November 17, 2004, Boyd has not been housed at the DCC, and he is presently serving level III probation. Boyd presented in this petition only one issue: that he is being illegally held at level V incarceration rather than level IV work-release. (D.I. 1). Nothing in Boyd's petition challenges the constitutionality of his underlying conviction. His claim is therefore moot. *See Simmons v. Gilkey*, 1997 WL 89136 (N.D. Ill. Feb. 26, 1997) (Ex. D). The Third Circuit has found only four exceptions to the dismissal of a claim when that claim fails to present an active controversy. Those exceptions to the mootness doctrine are: (1) collateral consequences (implications of other rights as a result of a felony conviction) (*Carafas v. La Vellee*, 391 U.S. 234, 238-39 (1968)); (2) a wrong capable of repetition yet evading review; (3) a decision by the respondent to voluntarily stop an illegal practice while retaining the ability to resume such practice at any time; and (4) a properly certified class action. *Chong v. District Director*, *INS*, 264 F.3d 378, 384 (3d Cir. 2001).

None of these four existing exceptions to the mootness doctrine apply to Boyd's habeas petition. In reverse order, the instant petition does not purport to be a class action, nor has this Court certified it as such. Thus, the fourth exception does not apply. The State cannot re-incarcerate Boyd unless he commits a new crime or otherwise violates the terms of his probation or conditional release. The third exception likewise does not apply.

"Capable of repetition, yet evading review" is limited to situations where two elements exist: (1) the challenged action was in its duration too short to be fully litigated;

and (2) there was a reasonable expectation that the complaining party would be subjected to the same action again. *See Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). The challenged action in this case was of too short a duration to be fully litigated in federal court prior to the Department of Correction's transfer of Boyd between custodial levels pursuant to the Superior Court sentence. A reasonable probability that Boyd will be subjected to the same action again, however, does not exist. First, for Boyd to prevail on this point, he would have to assure this Court that he would commit new crimes while on probation or otherwise violate the conditions of his probation. Second, even assuming that Boyd returns to a life of crime, there is no reason to believe that the Department of Correction would hold Boyd at a higher supervision level than authorized by an order from a Delaware court. *See Simmons*, 1997 WL 89136, at *4, *citing Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995) (no exceptional circumstances existed where a prisoner sought injunctive relief for alleged civil rights violations against certain prison officials for placement in a segregation unit after prisoner had been transferred to a different prison). Therefore, the issue that Boyd has raised in his habeas petition fails to satisfy the definition of "capable of repetition, yet evading review."

Finally, because Boyd did not challenge the underlying conviction within his habeas petition, but rather only his place and level of custody, a decision of this Court on the merits of this petition would not have collateral consequences for Boyd. A habeas petitioner who is not in custody and has no other substantial stake in the litigation has no active controversy on which this Court can rule. *See United States ex rel. Dessus v. Commonwealth of Penn.*, 452 F.2d 557, 561 (3d Cir. 1971).

This Court has dismissed a habeas petition under substantially similar circumstances. *Weber v. Young*, Civ. A. No. 88-683 (D. Del. Aug. 27, 1990) (adopting Magistrate's Report and Recommendation of July 23, 1990) (Ex. E). The habeas petitioner in *Weber* filed his petition while incarcerated, but he was subsequently released on parole. Weber too did not challenge the constitutionality of his conviction or sentence, but instead sought release from confinement, in his case, on the basis of alleged miscalculation of good time credits. This Court dismissed the petition as moot, finding that there was no relief that it could grant him, he having been released from prison. *Weber* is indistinguishable from the facts of Boyd's petition, and the result should be the same: dismissal on the basis of mootness.

On the basis of the Superior Court docket, it appears that the transcript of Boyd's plea colloquy has been prepared; the proceedings at Boyd's sentencing were recorded, but no transcript was prepared. No hearings were held on any of Boyd's 11 state habeas petitions. In the event that the Court deems production of the plea or sentencing transcript necessary, Respondent anticipates that production of such transcripts would require at least 90 days from the date an order by this Court.

The petition for a writ of habeas corpus should accordingly be dismissed.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/_____
Gregory E. Smith, I.D. No. 3869
Deputy Attorney General
820 North French Street, 7th Floor
Carvel State Building
Wilmington, Delaware 19801
(302) 577-8398

Dated: April 19, 2005