IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RUSSELL HECKINGER, )
)
    Petitioner, ) Civil Action No. 98-339-LON
)
v. )
)
)
SHERESE BREWINGTON-CARR, et al., )
)
    Respondents. ) O R D E R

    1.    Petitioner Russell Heckinger has filed a petition for habeas relief pursuant to 28 U.S.C. § 2254. [Docket Item (D.I.) 1]. Respondents have filed an answer [D.I. 8].

    2.    In May, 1993, Mr. Heckinger pled guilty in Delaware Superior Court to first degree robbery, first degree kidnaping, possession of a deadly weapon during commission of a felony, and two counts of third degree burglary. He was sentenced to 11 years imprisonment, suspended after six years for various levels of probation. Mr. Heckinger made no appeals concerning his conviction.

    3.    In May, 1998, Mr. Heckinger filed an application for state habeas corpus relief in the Superior Court. The court denied the petition on May 27, 1998, and Mr. Heckinger did not appeal the court's decision.

    4.    In Mr. Heckinger's pending habeas petition, he does not challenge the underlying convictions in his case; rather, he claims that he is entitled to placement in work release status

1

Ex. A.

and should not be incarcerated in level V. Mr. Heckinger did not present this issue to the Delaware Supreme Court because he never appealed the denial of his state habeas petition. Therefore, this claim is procedurally defaulted under Delaware Supreme Court Rule 6(a)(iii), which requires notice of appeals to be filed within 30 days of entry of the court's order.

5. In order to gain federal review of his procedurally defaulted claim, petitioner must establish (1) cause for his procedural default and resulting prejudice, Coleman v. Thompson, 501 U.S. 722, 750 (1991); Caswell v. Ryan, 953 F.2d 853, 860-61 (3d Cir. 1992); or (2) that failure to review the claims will "result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. To demonstrate cause, petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. McCleskey v. Zant, 499 U.S. 467, 493 (1991). Under this standard, cause can be demonstrated by showing that the "factual or legal basis of a claim was not reasonably available to counsel" or that government interference rendered procedural compliance impracticable. Murray v. Carrier, 477 U.S. 478, 488 (1986). There is nothing presented by petitioner, nor is there anything in the record to demonstrate that the cause of the procedural default was external to the petitioner. Additionally, there is no miscarriage of justice alleged by petitioner. Accordingly, this claim is denied.

6. Furthermore, petitioner's claim regarding work release

2

is not proper in a habeas petition. Petitioner's claim deals with the conditions of confinement, which is properly brought as a civil rights complaint:

> If the prisoner is seeking what can fairly be described as a quantum change in the level of custody -- whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation -- then habeas corpus is his remedy. But if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law. . . .

Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991). In Graham, the court went on to hold that the appropriate vehicle to challenge the prison's denial of a work release application was by way of a civil rights action. Id. See also, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973); Falcon v. United States Bureau of Prisons, 52 F.3d 137 (7th Cir. 1995); Jamieson v. Robinson, 641 F.2d 138 (3d Cir. 1981). A court, in its discretion, may change the style of a complaint from a habeas petition to a civil rights action, in order to avoid dismissal. In this matter, however, that is unnecessary, because petitioner has filed a civil rights action in this Court alleging the same facts as here. See Heckinger v. Karr, 98-518-LON. Therefore, Mr. Heckinger's habeas petition is denied.

3

NOW, THEREFORE, IT IS ORDERED that:

1. Russell Heckinger's Petition under 28 U.S.C. § 2254 for Habeas Corpus Relief is DENIED.

2. No probable cause exists for appeal.

6/15/89

Joseph J. Longobardi, D.J.