

2000 WL 1092125
2000 WL 1092125 (D.Del.)
(Cite as: 2000 WL 1092125 (D.Del.))

Page 1

Only the Westlaw citation is currently available.

United States District Court, D. Delaware.

Rocco John ZECCA, Petitioner,
v.
Raphael WILLIAMS, Warden, Respondent.

No. Civ.A.99-524-SLR.

July 21, 2000.

Rocco John Zecca, Felton, Delaware, for Petitioner, pro se.

Thomas E. Brown, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware, for respondent.

MEMORANDUM OPINION

ROBINSON, J.

I. INTRODUCTION

*1 Currently before the court is petitioner Rocco John Zecca's application for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. Petitioner was indicted in November 1997 in the Delaware Superior Court for trafficking in cocaine, possession with intent to deliver cocaine, maintaining a vehicle for keeping controlled substances, and second degree conspiracy. (D.I. 17 at No. 3) [FN1] In December 1998, petitioner pled guilty to trafficking in cocaine, and the state entered a *nolle prosequi* with respect to the remaining charges. (D.I. 17 at No. 18) The Superior Court sentenced petitioner to three years imprisonment, which it suspended upon petitioner's completion of a "boot camp" diversion program, and to two and one-half years of supervision. (D.I. 17 at No. 19; *see also* 11 Del. C. § 6705, 6712(d)(1)-(5)) The Superior Court also ordered petitioner held at "Level V" pending placement in the boot camp diversion program. (D.I. 17 at No. 19) In his application for habeas corpus relief, petitioner raises four claims. Because none of these claims challenges the constitutionality of his underlying conviction and sentence, the court shall deny his application.

FN1. The state court records consist only of the state court docket sheet. All references to the state court records in this opinion refer to this docket sheet.

II. DISCUSSION

The essence of petitioner's habeas corpus application is that he was held at Gander Hill prison for several months before being allowed to participate in the boot camp diversion program. It appears from the state court docket sheet that the Delaware Department of Correction ("DOC") initially prohibited petitioner from participating in the boot camp program because of a clerical error that led DOC officials to believe petitioner had pled guilty to the charges that the state, in fact, had not prosecuted. (D.I. 1, Ex. 6; D.I. 17 at No. 25) Consequently, petitioner remained at Gander Hill prison awaiting entry into the September boot camp "class." (D.I. 17 at No. 25) It appears from the record that petitioner has completed boot camp and has been released from custody. (D.I. 24 (May 5, 2000 letter to court from petitioner indicating change of address to Felton, Delaware)) Because petitioner remains under supervised release, however, his habeas corpus petition is not moot.

Although not moot, his petition does not state grounds for habeas corpus relief. To seek relief under the federal habeas corpus statute, a prisoner must allege that he is "in custody in violation of the Constitution or laws ... of the United States." 28 U.S.C. § 2254(a). Petitioner does not challenge the constitutionality of his guilty plea or his sentence. Instead, petitioner's application for habeas corpus relief rests primarily on his contention that he was incarcerated for a longer period of time than if he were promptly admitted to the boot camp program. There is no dispute, however, that he was not incarcerated beyond his three year minimum

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Ex. B

2000 WL 1092125
2000 WL 1092125 (D.Del.)
(Cite as: 2000 WL 1092125 (D.Del.))

Page 2

mandatory sentence. Indeed, the Superior Court's sentencing order indicates that the Superior Court entered a judgment of conviction against petitioner under 16 Del. C. § 4753 (which carries a minimum mandatory three year sentence) and that, in lieu of this three year sentence, petitioner was "remanded to the custody of the [DOC] upon the condition that he shall complete the boot camp diversion program ." (D.I. 17 at No. 19) This was fully consistent with Delaware law. See 11 Del. C. § 6712(f) (providing that the Superior Court "shall have the authority to remand the offender to the custody of the Department of Correction at Accountability Level III, IV, or V until such offender is placed in a boot camp facility"). Accordingly, petitioner's habeas corpus application fails to allege a constitutional violation and, as such, does not state a claim for relief under 28 U.S.C. § 2254.

*2 Even if his application stated grounds for relief, petitioner has failed to exhaust his state law remedies. A habeas petitioner must exhaust those remedies still available in state court. 28 U.S.C. § 2254(b)(1)(A). State remedies are unexhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." Id. § 2254(c). Thus, a petitioner must raise before the state court of last resort the factual and legal premises of the claims for relief asserted in the § 2254 petition. See Chaussard v. Fulcomer, 816 F.2d 925 (3d Cir.1987) ; Gibson v. Scheidemantel, 805 F.2d 135, 138 (3d Cir.1986).

Here, petitioner has not raised his claims for relief to the Delaware Supreme Court. In fact, petitioner did not even appeal the Superior Court's denial of his motion for correction of sentence. (D .I. 17 at No. 23) Accordingly, petitioner has failed to exhaust his state remedies. It appears, however, that an attempt to raise these claims before the Delaware Supreme Court would be futile because 10 Del. C. § 147 requires him to file a notice of appeal within 30 days after the judgment's entry. Where the state remedies are no longer available, a habeas petitioner is excused from the exhaustion requirement. See Teague v. Lane, 489 U.S. 288, 298 (1989) (finding that because "collateral relief would be unavailable to petitioner," "fundamental fairness" requires that the exhaustion requirement be deemed fulfilled).

Notwithstanding this waiver of the exhaustion requirement, the court can only consider petitioner's grounds for relief if he can demonstrate cause for his failure to raise them to the Delaware Supreme Court and actual prejudice or "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). To show cause, the petitioner must demonstrate that "something external to the petitioner, something that cannot fairly be attributed to him" impeded his efforts to comply with the State's procedural rules. Id. at 753. Such factors include interference by government officials, constitutionally ineffective assistance of counsel, or the unavailability of the factual or legal basis for a claim. See, e.g., McCleskey v. Zant, 499 U.S. 467, 494 (1991).

Petitioner's application is devoid of any showing of cause for his failure to raise his claims to the Delaware Supreme Court. Because petitioner has not established cause, the court need not inquire as to whether petitioner suffered prejudice. See Bailey v. Snyder, 855 F.Supp. 1392, 1402 (D.Del.1993), aff'd, 68 F.3d 736 (3d Cir.1995).

Alternatively, the court can consider otherwise procedurally barred claims if petitioner demonstrates that failure to do so would constitute a "miscarriage of justice." See Schlup v. Delo, 513 U.S. 298, 314-15 (1995). This exception applies only in "extraordinary cases." Id. at 321. As noted, petitioner was not incarcerated beyond the three year minimum mandatory sentence. Accordingly, his incarceration was not a miscarriage of justice.

III. CONCLUSION

*3 For the aforementioned reasons, the court shall deny petitioner's application for federal habeas corpus relief. An appropriate order shall issue.

2000 WL 1092125 (D.Del.)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.