Westlaw.

2000 WL 1876439
2000 WL 1876439 (D.Del.)
(Cite as: 2000 WL 1876439 (D.Del.))

Page 1

Only the Westlaw citation is currently available.

United States District Court, D. Delaware.

Michael E. OBERLY, Petitioner,
v.
Richard KEARNEY, Warden, et Respondent,
Michael E. OBERLY, Petitioner,
v.
Rick KEARNEY, Warden, and M. Jane Brady, Attorney General of the State of Delaware, Respondents.

No. Civ.A.99-480-GMS.

Dec. 15, 2000.

Michael Oberly, Petitioner, pro se.

Thomas Brown, Department of Justice, Wilmington, DE, for Respondent.

MEMORANDUM AND ORDER

SLEET, J.

*1 The petitioner, Michael E. Oberly ("Oberly"), is presently incarcerated at the Sussex County Correctional Institute ("SCCI") located in Georgetown, Delaware. Respondents Rick Kearney and M. Jane Brady are respectively the Warden of SCCI and the Attorney General of the State of Delaware. Oberly has filed a habeas petition with this court challenging his continued confinement at "Level V" and alleging that he is entitled to placement at either "Level III" or "Level IV" (D.I.1). [FN1] The petitioner has also filed the following motions with the court:

FN1. See 11 Del. C. § 4204(c)(3)-(5). Generally, Level III involves intensive supervision or community service, Level IV requires partial confinement under house arrest or to a halfway house, and Level V requires incarceration. Supervised probation is only available for a Level II or Level I sanction.

1. Two Motions to Amend Habeas Petition (D.I.19, 20).
2. Motion for the Appointment of Counsel (D.I.6).
3. Motion for Release Pending Review of Decision (D.I.24).

Respondents have moved to dismiss the petition on the ground that the petitioner has improperly classified the action as a writ of habeas corpus when in fact it should have been filed as a civil rights claim under 42 U.S.C. § 1983. [FN2]

FN2. 42 U.S.C. § 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the Jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, at equity or other proper proceeding for redress."

For the reasons set forth below, the court will dismiss Oberly's petition. [FN3] Petitioner's motions to amend and for appointment of counsel will be dismissed as moot. His motion for release pending review under Fed. R.App. P. 23(c) will be dismissed as well since the rule is inapplicable to this case and, in any event, is also moot. [FN4]

FN3. If a prisoner seeks habeas corpus relief when he should have brought a civil rights action, the court has discretion to either grant the prisoner leave to file an appropriate pleading or to simply ignore the mislabeling and treat the petition as a civil rights complaint. See Graham v. Broglin, 922 F.2d 379, 381 (7th Cir.1991). Because of problems of extrapolation, the

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Ex. C

http://print.westlaw.com/delivery.html?dest=atp&format=HTMLE&dataid=A005580000...    12/17/2004

2000 WL 1876439
2000 WL 1876439 (D.Del.)
(Cite as: 2000 WL 1876439 (D.Del.))

Page 2

court declines to re-characterize Oberly's petition as a civil rights complaint.

FN4. Fed. R.App. P. 23(c) states "While a decision ordering the release of a prisoner is under review, the prisoner must--unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise--be released on personal recognizance, with or without surety." This rule governs the procedure of processing appeals to a United States court of appeals from the United States district court. Since Oberly's petition is not currently under appellate review, this court is not bound by the rule.

In June, 1997, Oberly pled guilty in the Superior Court of Delaware to driving under the influence, offensive touching, and failing to stop. Oberly did not appeal these convictions. On February 20, 1998, the Superior Court found him guilty of violating his probation and sentenced him to five years at Level V, with transfer to Level III or Level IV upon completion of a substance abuse treatment program. [FN5] Again, Oberly did not appeal the Superior Court's decision.

FN5. See Pet. Ex. A, Sentencing Tr. Feb. 20, 1998 at 11-14.

Since his incarceration, Oberly has completed the "New Hope" drug and alcohol treatment program, the "New Insights" program, the "12 Step Group of Chemically Dependent Anonymous" program, and the "Anger Management Group" program. [FN6] Oberly asserts that these certifications warrant his transfer to Level III or Level IV as per his sentence. It appears from his petition that Oberly claims he properly filed an application for a writ of habeas corpus under 28 U.S.C. § 2254 since he is challenging the duration of confinement rather than the conditions of his confinement.

FN6. Oberly attached Certificates of Completion for these programs to his second Motion to Amend.

An action under 42 U.S.C. § 1983 is the proper remedy for a state prisoner who wishes to mount a constitutional challenge to the conditions of his confinement, but not to the fact or length of his custody. See Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); (reaffirming cases that establish § 1983 as proper remedy for state prisoner challenging conditions of prison life but not fact or length of custody); Wright v. Cuyler, 624 F.2d 455 (3rd Cir.1980) (stating that gaining admission to the home furlough program was a condition of a prisoner's confinement which can only be challenged by way of civil action); cf. Heck v. Humphrey, 512 U.S. 477, 486-89 (1994) (holding that claims challenging length of sentence or fact of conviction are only cognizable under § 1983 unless and until conviction or sentence is reversed, expunged, invalidated or impugned by grant of writ of habeas corpus).

*2 If the prisoner is seeking what can fairly be described as a quantum change in the level of custody--whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation--then habeas corpus is his remedy. But, if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law....

Graham, 922 F.2d at 381; see also Falcon v. United States Bureau of Prisons, 52 F.3d 137 (7th Cir.1995). In Graham, the court held that the appropriate vehicle to challenge the prison's denial of a work release application was by way of a civil rights action rather than a habeas petition. See Graham, 922 F.2d at 381. Even though a prisoner's total number of days actually spent behind bars can technically be reduced by the number of days during which he is out of prison on furloughs, it cannot be said that occasional short furloughs reduce the actual duration of his confinement. See Jamieson v. Robinson, 641 F.2d 138 (3d Cir.1981) (finding that prisoner who was denied acceptance to a work release program sought only to alter conditions of confinement and, therefore, did not sound chiefly in a habeas action); Wright, 624 F.2d at 458-59 (holding that failure of prisoner to gain admission to home furlough program was condition of confinement properly challenged under § 1983 rather than via writ of habeas corpus).

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

2000 WL 1876439
2000 WL 1876439 (D.Del.)
(Cite as: 2000 WL 1876439 (D.Del.))

Page 3

A claim that a prisoner is entitled to work release or home furlough is properly characterized as a civil action because, if successful, it merely changes the location where the sentence is to be served. See Graham, 922 F.2d at 381. Whether a prisoner works in a factory within the prison system or in the outside world is more a difference in location as opposed to a difference in the level of confinement. See Falcon, 52 F.3d at 137.

Oberly has not challenged the fact of his sentence or the length of time which he must serve. He is not claiming that he is entitled to immediate or speedier release from confinement. Nor would the relief he has requested diminish the overall length of his incarceration since Oberly is required to serve five years regardless of whether it is at Level V, Level IV, or Level III supervision. [FN7] The sentencing judge's statement that Oberly be transferred from Level V to Level IV or Level III is not a quantum change in the level of custody sufficient to make the issuance of a writ of habeas corpus the proper remedy for relief since, at minimum, Oberly would still be subject to intensive supervision. [FN8]

> FN7. Oberly's probation was revoked and the original sentence of five years was reinstated. Although the judge stated that Oberly's participation and completion of certain programs would result in a transfer to Level IV or Level III, he did not suggest that Oberly's sentence would be reduced or that he would be placed on supervised probation.

> FN8. The sentencing judge did not indicate whether Oberly should be moved to Level III or Level IV and Oberly does not claim he should be moved a specific Level. A move to Level IV would certainly not be a quantum change since Level IV requires partial confinement or house arrest. A move to Level III would similarly not be a quantum change since it requires intensive supervision or community service. The court need not decide whether Level II, which allows for supervised probation, constitutes a quantum change in the level of confinement since Oberly does not claim he should be moved to this level of supervision.

Because this petition is properly characterized as a 42 U.S.C. § 1983 action, the petitioner has failed to state a claim which provides a basis for federal habeas relief.

For the above reasons, IT IS HEREBY ORDERED that:

*3 1. Oberly's petition for a writ of habeas corpus (D.I.1) is DISMISSED without prejudice.

2. Oberly's motions to amend (D.I.19, 20) are DISMISSED as moot.

3. Oberly's motion for appointment of counsel (D.I.6) is DISMISSED as moot.

4. Oberly's motion for release pending review (D.I.24) is DISMISSED as moot.

5. Oberly is GRANTED leave to file a claim under 42 U.S.C. § 1983 based on allegations as stated in his petition for a writ of habeas corpus (D.I.1).

2000 WL 1876439 (D.Del.)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.