Westlaw.

1997 WL 89136                          Page 1
1997 WL 89136 (N.D.Ill.)
(Cite as: 1997 WL 89136 (N.D.Ill.))

Only the Westlaw citation is currently available.

United States District Court,
N.D. Illinois.

Robert E. SIMMONS, Petitioner/Plaintiff,
v.
Charles R. GILKEY, Respondent/Defendant.

No. 96 C 6458.

Feb. 26, 1997.

## OPINION AND ORDER

NORGLE, District Judge.

*1 Before the court is Robert E. Simmons' ("Simmons") Petition for Writ of Habeas Corpus allegedly filed pursuant to 28 U.S.C. §§ 2241, 2243, 2244 (1996). Simmons claims that Respondent Charles R. Gilkey ("Gilkey") violated 28 C.F.R. § 2.49 (1997) and Federal Rule of Criminal Procedure 32.1(a) (1996) by failing to conduct a probation revocation hearing within sixty days (local) or ninety days (institutional) of confining him based on the execution of a parole violator warrant. Simmons asserts that the untimely revocation hearing violates his Constitutional rights under Article I, Section 6 of the Constitution of the United States, as well as the Fourth, Fifth, Sixth, Eighth, Ninth, Thirteenth and Fourteenth Amendments. Gilkey asserts that Simmons' claims are moot. because the United States Parole Commission withdrew Simmons' parole violator warrant, released him from custody, and closed Simmons' case. The court agrees with Gilkey for the following reasons, and denies the Petition as moot.

### I. FACTS

On December 29, 1988, the United States District Court for the Western District of Wisconsin sentenced Simmons to a six-year prison term for possession with intent to distribute cocaine. On September 28, 1993, the United States Parole Commission ("Parole Commission") paroled Simmons; Simmons' parole term ended on July 22, 1994.

Near the end of Simmons' parole term, on June 7, 1994, United States Probation Officer Cathy Williams informed the Parole Commission that Simmons failed to comply with several conditions of his parole, and that she was unaware of his whereabouts. On June 15, 1994, the Parole Commission issued a warrant application charging the following parole violations: (1) unauthorized use of narcotic and dangerous drugs based on three reports from November 1993, which charged Simmons with the submission of urine specimens testing positive for the unauthorized use of morphine; (2) failure to submit monthly supervision reports as required for the months from January through May 1994; (3) failure to report for random urine tests and scheduled counseling sessions, which were special conditions to Simmons' parole; and (4) failure to report to his Probation Officer as scheduled twice in 1994, coupled with his Probation Officer's inability to locate Simmons after a home contact.

On March 20, 1996, nearly two years after the warrant issued and parole expired, the Chicago Police Department arrested Simmons for possession of stolen goods. Five days later, on March 25, 1996, the United States Marshals Service learned that the Cook County Sheriff's Department had Simmons in custody and that the Parole Commission's violator warrant had been placed as a detainer. In a letter dated June 10, 1996, Simmons' Probation Officer informed the Parole Commission of Simmons' arrest and that the state complaint had been stricken with leave to reinstate in April 1996.

On July 2, 1996, the Marshals Service took Simmons into custody from the Cook County Sheriff's Department based on the parole violator warrant. The United States Probation Office did

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

not learn that the Marshal's Service had Simmons in custody until August 9, 1996. On August 27, 1996, the Parole Office conducted a preliminary hearing in which Simmons requested a revocation hearing upon his return to a federal institution.

*2 In a summary report of the preliminary hearing, the Probation Office recommended to the Parole Commission a finding of probable cause on each charge. On September 30, 1996, the Parole Commission found probable cause existed for the alleged violations and ordered that Simmons be held pending an institutional revocation hearing. On October 1, 1996, the Parole Commission sent Simmons a letter informing him of the Parole Commission's finding.

Simmons' revocation hearing was scheduled on the hearing docket for the week of November 11, 1996, at the Metropolitan Corrections Center, Chicago, Illinois. However, on November 8, 1996, the Parole Commission withdrew the warrant, released Simmons, and closed the case. Gilkey admits that Simmons did not receive a timely revocation hearing.

Prior to the Parole Commission's November 8, 1996 action, Simmons filed the instant Petition. Again, in the Petition, Simmons alleges that Gilkey violated his rights under 28 C.F.R. § 2.49 and Federal Rule of Criminal Procedure 32.1. In addition, Simmons alleges that Gilkey held him in custody since July 2, 1996, and that, as of October 1, 1996, Gilkey has not given Simmons a revocation hearing nor has Gilkey scheduled a revocation hearing on the courts' docket pursuant to the requirements of 28 C.F.R. § 2.49. Simmons' prayer for relief includes a request for the court to show cause for the alleged violation and to quash the warrant application and warrant, suppressing all evidence used to determine probable cause. In addition, Simmons requests an immediate order of release and reinstatement of parole.

II. DISCUSSION

Two issues arise: (1) whether this court generally has subject matter jurisdiction over Simmons' habeas corpus Petition and (2) whether Simmons' Petition falls within an exception to the mootness doctrine.

A. JURISDICTION

28 U.S.C. § 2241(c)(3) provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless--he is in custody...." Simmons did file his claim on October 3, 1996, while he was "in custody."

However, Simmons' Petition may nevertheless be moot, which would leave the court without subject matter jurisdiction. The notion of mootness, "derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." *D.S.A. v. Circuit Court Branch 1,* 942 F.2d 1143, 1146 n. 2 (7th Cir.1991) (quoting *Liner v. Jafco, Inc.,* 375 U.S. 301, 306 n. 3 (1964)). So the court must now examine whether such a case or controversy exists.

Simmons requests the court to "quash the violator warrant and suppress any and all evidence used to form the basis and probable cause for the petitioner's conditions alleged to have been violated on parole." [Pet. at 2.] In addition, Simmons requests immediate release and reinstatement of his parole. Gilkey argues that Simmons' claim is moot because the Parole Commission withdrew the violator warrant, released Simmons, and closed the case thereby rendering Simmons' Petition moot.

*3 Two doctrines exist upon which Simmons may defeat Gilkey's assertion of mootness. The first doctrine asks whether the habeas corpus petitioner retains a substantial stake in the issue raised in his petition. *Carafas v. LaVallee,* 391 U.S. 234, 237, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), *D.S.A.,* 942 F.2d at 1146, *Martin v. Luther,* 689 F.2d 109, 112 (7th Cir.1982). The second doctrine asks whether the wrong asserted in the habeas corpus petition is "capable of repetition, yet evading review." *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975); *Higgason v. Farley,* 83 F.3d 807, 811 (7th Cir.1995). Applying both doctrines, Simmons' Petition is moot.

B. EXCEPTIONS TO MOOTNESS DOCTRINE
1. *Substantial Stake*

A habeas corpus petition is not moot so long as the petitioner retains a substantial stake in the outcome

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

1997 WL 89136
1997 WL 89136 (N.D.Ill.)
(Cite as: 1997 WL 89136 (N.D.Ill.))

Page 3

of the proceedings. *Carafas,* 391 U.S. at 237, *Martin,* 689 F.2d at 112. "A petitioner, although released from custody, may continue to seek the writ if collateral consequences--lingering disabilities or burdens--are sufficient to give the petitioner 'a substantial stake in the judgment ... which survives the satisfaction of the sentences imposed on him.' " *D.S.A.,* 942 F.2d at 1146 (citing *Carafas,* 391 U.S. at 237). *Lane v. Williams,* 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982), requires courts to focus on the relief sought in order to determine whether a release from custody renders a petition for habeas corpus moot or whether collateral consequences will exist despite a petitioner's release from custody. *D.S.A.,* 942 F.2d at 1147 (citing *Port v. Heard,* 764 F.2d 423, 428 (5th Cir.1985)). Disabilities and burdens which constitute "collateral consequences" include the inability to serve as an official or a labor union for a specified period of time, an inability to vote in any election, and the inability to serve as a juror. *Carafas,* 391 U.S. at 237. In addition, the inability to obtain a license to practice law and qualify for state elective offices constitute collateral consequences. D.S.A., 942 F.2d at 1146.

In *Lane,* the United States Supreme Court examined the issue of whether a trial court deprived defendants of due process of law when the court accepted the defendants' guilty pleas without advising the defendants that their pleas' included a mandatory parole requirement. *Lane,* 455 U.S. at 624. In *Lane,* since the habeas corpus petitioners attacked their sentences instead of seeking to plead anew, the court held that upon the expiration of their sentences, their claims were moot *Id.,* at 631. That is, after the expiration of their sentences, they no longer had a substantial stake in the outcome of the proceedings because they would not suffer any lingering collateral consequences from their expired sentences.

Here, as in *Lane,* Simmons requests relief that he has already obtained: the Parole Commission withdrew his parole violator warrant, released him, and closed his case. [FN1] The Parole Commission issued the parole violator warrant near the end of Simmons' parole term, but did not execute this warrant until approximately two years after the warrant issued. After Simmons filed his habeas corpus Petition, the Parole Commission unconditionally withdrew the warrant, closed the case and released Simmons, with Simmons' parole almost two years expired.

FN1. This court notes that, even if Simmons had received a hearing where the Parole Commission revoked his parole, it is unlikely that the court would find that he has a "substantial stake" in the habeas proceeding. In considering the effect of parole violations on a petitioner's record, the United States Supreme Court noted, in dicta, that any collateral consequences resulting from a parole violation finding would not be sufficient to give petitioners a substantial stake in a judgment which survives the satisfaction of their sentences. *Lane,* 455 U.S. at 632 n. 13. The court reasoned that "[t]he parole violations that remain a part of petitioners' records cannot affect a subsequent parole determination unless [the habeas corpus petitioners] again violate the law, are returned to prison, and become eligible for parole." *Id.*
The petitioners control this situation through their future conduct and are required by law to prevent a future violation of the law. *Id.* In addition, the court indicated that such a violation would be only one factor taken into consideration and would not necessarily have any impact on later sentencing. *Id.* In the case at hand, however, it is unnecessary to determine whether the effects of a parole violation under federal law constitute a situation where the petitioner retains a "substantial stake" in the proceedings, since the Parole Commission withdrew Simmons' warrant and never found Simmons guilty of violating his parole.

*4 Simmons attacks only the lack of revocation hearing. As his parole has expired and the Parole Commission has withdrawn the warrant, Simmons will not suffer any "collateral consequences" from this statutory violation because the relief he requests already resulted from the closing of his case. Thus, like the Lane petitioners, Simmons no longer stands to gain anything through his Petition. Therefore, Simmons' request for immediate release is moot. In addition, Simmons' request for reinstatement of

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

1997 WL 89136
1997 WL 89136 (N.D.Ill.)
(Cite as: 1997 WL 89136 (N.D.Ill.))

Page 4

his parole, which expired July 22, 1994, is denied as moot.

Simmons' request that this court quash the warrant and suppress evidence based thereon is also moot. Although the Parole Commission may withdraw a warrant and hold it in abeyance pending related state charges, the Parole Commission in the instant case did not indicate such a condition nor was Simmons' parole violator warrant based on pending state charges against him.

The court notes that the Parole Commission has the power to reissue parole violator warrants under certain circumstances. The Seventh Circuit recognizes that the Parole Commission has the power to withdraw a parole violator warrant and hold it in abeyance pending the outcome of *related* state criminal charges. *Thigpen v. United States Parole Comm'n*, 707 F.2d 973, 978 (7th Cir.1983) (emphasis added). *Contra Still v. United States Marshal*, 780 F.2d 848, 852 (10th Cir.1985). As in *Thigpen*, Simmons was arrested on state charges. However, the Parole Commission's power to withdraw a violator warrant and hold it abeyance does not apply to Simmons' warrant because the state charges were never made a part of Simmons' parole violator warrant. Thus, it is unlikely that the Parole Commission will reissue Simmons' warrant. Instead, the Parole Commission withdrew the warrant and closed Simmons' case. Therefore, since Simmons no longer is in jeopardy of having his parole revoked based on this warrant, his request to quash the warrant is moot. As there is no warrant, Simmons' request for the suppression of evidence upon which the warrant was based is also moot.

Gilkey's failure to provide a timely revocation hearing will not attach any "collateral consequences" to Simmons in his future. Any inability to vote, or serve as a juror or labor union official does not result from the absence of a revocation hearing. Simmons is no longer in custody, and because his parole terminated in July 1994, he will not again be picked up for a parole violation on the same warrant. In sum, the court finds that Simmons' Petition is moot because he no longer has a substantial stake in the outcome of the proceeding.

2. *Capable Of Repetition, Yet Evading Review*

Likewise, Simmons' case is moot under the "capable of repetition, yet evading review" doctrine. If the wrong alleged in Simmons' Petition is "capable of repetition, yet evading review," the case will not be deemed moot. "Capable of repetition, yet evading review" is limited to situations where two elements exist: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration; and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again. *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975). As the Seventh Circuit recognized, "the capable of repetition, yet evading review doctrine applies only in exceptional circumstances...." *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir.1995) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 109, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)). In *Higgason*, the Seventh Circuit found that no such exceptional circumstances existed where a prisoner sought injunctive relief for alleged civil rights violations against certain prison officials for placement in a segregation unit. *Id.* The *Higgason* court found that the prisoner was unable to show a reasonable expectation that he would be subjected to the same action because he was transferred to a different prison. *Id.* Thus, the Seventh Circuit denied the claims as moot.

*5 As in *Higgason*, no exceptional circumstances exist in Simmons' case. When the Parole Commission withdrew the warrant, released Simmons, and closed his case, the Parole Commission eliminated any reasonable expectation that Simmons will again be subjected to an untimely revocation hearing based on the same warrant. As such, his Petition is not "capable of repetition, yet evading review."

III. CONCLUSION

The court finds that Simmons' Petition became moot upon the Parole Commission's decision to withdraw Simmons' warrant, release him, and close his case. Simmons' request for relief does not encompass any remedy that did not already result from the Parole Commission's order. Simmons no longer possesses a substantial stake in the case, and his case is not "capable of repetition, yet evading review." Thus, the court denies the Petition.

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

1997 WL 89136
1997 WL 89136 (N.D.Ill.)
(Cite as: 1997 WL 89136 (N.D.Ill.))

Page 5

IT IS SO ORDERED.

1997 WL 89136 (N.D.Ill.)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.