IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAUL E. WEBER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 88-683-JLL |
| ) | |
| HOWARD R. YOUNG, Warden, and ) | |
| CHARLES M. OBERLY, III, ) | |
| Attorney General of the State ) | |
| of Delaware, ) | |
| ) | |
| Respondents. ) | |

---

Paul E. Weber, petitioner, pro se.

Loren C. Meyers, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, attorney for respondents.

---

**MAGISTRATE'S REPORT AND RECOMMENDATION**

Dated: July 23, 1990

Wilmington, Delaware

Ex. E

ROBINSON, U.S. Magistrate

Petitioner Paul E. Weber files this claim for habeas corpus relief under 28 U.S.C. §2254. Petitioner was convicted by a jury in Superior Court of first degree kidnapping, aggravated intimidation, intimidation, second degree burglary, second degree assault, menacing, third degree assault, and resisting arrest. On appeal, the Delaware Supreme Court reversed petitioner's conviction for first degree kidnapping for the entry of an acquittal and reversed petitioner's convictions for intimidation and aggravated intimidation, remanding for a new trial. The remaining convictions and sentences were affirmed. Weber v. State, 547 A.2d 948, 961 (Del.Supr. 1988). Following his conviction, petitioner was placed in the custody of the Delaware Department of Correction and sent to the Multi-Purpose Criminal Justice Facility in Wilmington, Delaware to serve a sentence of six and one half years. Weber v. State, No. 47, 1989 (Del.Supr. April 5, 1989). In November 1988, Weber petitioned for state habeas relief, alleging that he was entitled to discharge on conditional release because of good time credits[1] accumulated as a result of: 1) good behavior and "laboring with diligence" pursuant to 11 Del.C. §4382(4); 2) exemplary achievement in rehabilitation programs under 11 Del.C. §4384; and 3) working overtime at a prison job pursuant to 11 Del.C. §6533(f) and (g). (D.I. 13A, Notice of Petition dated November 28, 1988) After a

---

1. Good-time credits enable a convicted prisoner to hasten release from confinement for good behavior. See 11 Del.C. §4348.

hearing on the matter in which petitioner was represented by counsel, the Delaware Superior Court denied Weber's petition (D.I. 11, Ex. B; D.I. 13A, Paul E. Weber Petition for Habeas Corpus, No. 88M-DE-6-1-CA, slip op. (Del.Super. January 11, 1989)) and on appeal that decision was affirmed by the Delaware Supreme Court.[2] (D.I. 13A, Weber v. Oberly, No. 47, 1989 (Del.Supr. April 5, 1989)) On December 5, 1988, Weber filed this petition for federal habeas relief alleging that the respondents were improperly confining him as a result of their failure to award him with meritorious good time credit for the performance of overtime worked. (D.I. 1) Having presented that claim to the Delaware Supreme Court, petitioner has met the exhaustion requirements of 28 U.S.C. §2254(b) and (c).[3] See Smith v. Digmon, 434 U.S. 332 (1978).

Subsequent to the filing of this petition, Weber was released on parole pursuant to 11 Del.C. §4348 for having reached his short time release date on his sentence. At the same time, petitioner also was apparently released on bail pending retrial on the charges of intimidation and aggravated intimidation. (D.I. 17, at ¶2)

---

2. Although the original petition filed in Superior Court alleged improper denial of good time credits based on 11 Del.C. §§4382(4), 4384 and 6532, apparently counsel for petitioner pursued the claim only under §6532. (D.I. 13A, letter dated December 30, 1988) On appeal to the Delaware Supreme Court, petitioner asserted that he was entitled to additional good time credits under 11 Del.C. §6532. (D.I. 31A, Appellant's Opening Brief dated February 21, 1989)

3. Petitioner apparently filed identical petitions simultaneously in this Court and Delaware Superior Court. (D.I. 1 and 13A) Nonetheless, it is apparent from the record that his state claims have been exhausted.

The petition is currently before the Court on memoranda supporting and opposing respondents' motion for summary judgment (D.I. 8, 8A, 13, 15, 17, 19, 20), petitioner's motion captioned "Leave to File Newly Discovered Evidence" (D.I. 14), and petitioner's motion for default judgment (D.I. 11). Respondents have urged two bases for dismissal of the petition.[4] First, respondents contend that because the petitioner has failed to comply with Delaware statutory and regulatory requirements regarding authorization and validation of good time credits, his claim is invalid. (D.I. 13) Second, regardless of the merits, respondents contend that the petitioner's claim is moot because of his subsequent release on parole. (D.I. 17) In response, petitioner has countered that his claim is not moot because his release on parole status satisfies 18 U.S.C. §§2241(c)(3) and 2254's "in custody" requirement. (D.I. 19) For the following reasons, I recommend dismissing the petition as moot.

---

4. Respondents argue that this petition should be dismissed based on insufficient service of process. (D.I. 13, Section III, ¶¶1-3) This claim is without merit. Pursuant to Fed.R.Civ.P. 4(h), an Order will issue contemporaneously with this Report and Recommendation requiring the Clerk of the Court to serve, pursuant to §2254 Rules 3(b) and 4, by certified mail a copy of the petition and the Order upon the above-named respondents. See J. Liebman, 1 Federal Habeas Corpus Practice & Procedure §11.8 (1988) (". . . [T]he more recently promulgated Habeas Rule 4 provides that the petitioner need not serve a copy of the petition on respondent or on the legal officer likely to be representing respondent (typically the state attorney general). Instead, it is the responsibility of the court to serve respondent and the state's attorney general by certified mail."); such amendment will not result in any prejudice to the substantial rights of respondents.

4

Although it is clear that petitioner's release on parole is a status included within the liberal meaning afforded to the term "custody" by the U.S. Supreme Court, it does not necessarily address respondents' argument that his claim is moot. Jones v. Cunningham, 371 U.S. 236 (1963). The doctrine of mootness is a similar but independent issue in habeas proceedings. See Malloy v. Purvis, 681 F.2d 736, 738 n.1 (11th Cir. 1982), cert. denied 460 U.S. 1071 (1983). See also L.W. Yackle, Postconviction Remedies, §49 (1981). The custody requirement owes its existence primarily to history and statute, while the mootness doctrine draws upon the "case or controversy" requirement in Article III of the U.S. Constitution. Id. If a favorable judgment on the original claim will no longer remove the harm done to the litigant, then any such judgment is advisory only and barred by Article III. Flast v. Cohen, 392 U.S. 83 (1968).

Instantly, Weber filed the petition while incarcerated and was subsequently released. He does not challenge the constitutionality of his judgment of conviction or judgment of sentence, but instead seeks release from confinement on the basis of an improper calculation of good time credits. Although Weber may be in a position to attack the validity of his conviction, see Carafas v. LaVallee, 391 U.S. 234 (1968), he seeks to reduce the term of his confinement, not to invalidate the fact of his confinement. (D.I. 1)

In short, petitioner seeks relief which cannot be granted because he has already been released. "A claim is not moot in the

5

sense that it fails the 'in custody' requirement. . . , but in the sense that, since [petitioner] has been released, there is simply no relief this Court can give him in a habeas proceeding." Schlang v. Heard, 691 F.2d 796, 799 n.6 (5th Cir. 1982), cert. denied 461 U.S. 951 (1983) (citations omitted). Where a petitioner challenges the accuracy of the calculation of his good time credits, and is subsequently released, such claims are deemed to be moot. See Bailey v. Southerland, 821 F.2d 277 (5th Cir. 1987); Hernandez v. Wainwright, 796 F.2d 389, 390 (11th Cir. 1986); Wainwright v. Rewis, 486 F.2d 306, 307 (5th Cir. 1973). Furthermore, as the defendants have pointed out, to the extent petitioner contends his challenge may affect the amount of time served on his pending charges, his claim is speculative. This assumes that in the event a retrial is held, petitioner will be convicted and sentenced to a term of imprisonment.

As a result of the foregoing discussion, I find it imprudent to address either the merits of the petitioner's claim regarding alleged denial of good time credit under 11 Del.C. §6532, his motion for default judgment, or his motion to conduct further discovery. Accordingly, I recommend granting respondents' motion for summary judgment and dismissing petitioner's application for habeas corpus relief.

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAUL E. WEBER,<br><br>      Petitioner,<br><br>      v.<br><br>HOWARD R. YOUNG, Warden, and<br>CHARLES M. OBERLY, III,<br>Attorney General of the State<br>of Delaware,<br><br>      Respondents. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 88-683-JLL<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### FINAL ORDER

The Court having (1) reviewed the U.S. Magistrate's Report and Recommendation which recommends that this habeas corpus action of a state prisoner be dismissed (Docket Item ["D.I."] 21), (2) noted that no timely objections have been filed to said report and recommendation, (3) given fresh consideration to the matter, and (4) made the Court's own determination on the basis of the Magistrate's record, it is

**ORDERED:**

1. The Magistrate's Report, dated July 23, 1990 (D.I. 21), is hereby accepted and adopted by this Court.

2. The petition for a writ of habeas corpus is hereby dismissed and the writ is hereby denied.

3. No probable cause exists for an appeal.

Dated: August 27, 1990.

                                                _____
                                                United States District Judge

Copies mailed and/or
delivered this date to:
  Mr. Paul E. Weber
  Loren C. Meyers, Esq.
  Hon. Sue L. Robinson
  J. R. McAllister, Jr., Clerk