IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICHARD BOYD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 04-1446-GMS |
| | ) | |
| THOMAS L. CARROLL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

———————

Richard Boyd. *Pro se* petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Attorney for respondent.

———————

**MEMORANDUM OPINION**

March 30, 2006
Wilmington, Delaware

Sleet, District Judge

## I. INTRODUCTION

Petitioner Richard H. Boyd ("Boyd") filed the pending petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 1; D.I. 2.) For the reasons that follow, the court will dismiss his petition.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On July 13, 1995, Boyd pled guilty to a variety of drug and weapons charges. The Superior Court sentenced him to a total of twelve (12) years of imprisonment at Level V, suspended after ten (10) years for two (2) years of decreasing levels of supervision. *Boyd v. Garraghty*, 202 F. Supp. 2d 322 (D. Del. 2002). After his conviction, Boyd was placed at the Delaware Correctional Center ("DCC") where he remained until May 30, 1998. On that date, Boyd was transferred to an out-of-state facility, and he returned to the DCC on January 10, 2001. Boyd remained at the DCC until July 22, 2002, when he was transferred to the Plummer Center, a Level VI work-release facility. On October 17, 2002, Boyd was returned to Level V on an administrative warrant and, on December 19, 2002, he was sent to the DCC, where he remained until he was transferred to the Sussex Correctional Institution ("SCI").

Boyd remained at the SCI until March 2004, when he was transferred back to the DCC. On August 5, 2004, Boyd started serving part of his Level IV time at Level V, pending bed space availability at another facility. Boyd remained at the DCC until November 17, 2004, at which time he was released to the to the Central Violation of Probation Center ("CVOP"). He remained at the CVOP until December 9, 2004. Boyd was then transferred to the Sussex Halfway House, where he remained until January 6, 2005, when he was released to serve the probationary portion

of his sentence.

### III. DISCUSSION

Boyd filed his habeas petition on November 12, 2004, while he was still serving the Level IV portion of his sentence at Level V due to the lack of bed space at another facility. The sole claim in Boyd's petition asserts that he is being illegally detained at Level V pending bed space availability at a work release facility. The State contends that this claim should be dismissed as moot or because it does not present an issue cognizable on federal habeas review.

The United States Supreme Court has described two broad categories of prisoner petitions: (1) § 2254 petitions that challenge the fact or duration of the prisoner's confinement; and (2) § 1983 actions that challenge the conditions of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, (1973). As explained by the Court of Appeals for the Third Circuit :

> whenever the challenge ultimately attacks the 'core of habeas' - - the validity of the continued conviction or the fact or length of the sentence - - a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

*Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

Here, Boyd does not challenge his underlying conviction, and a finding in his favor would not alter his sentence or undo his conviction. Therefore, the instant claim does not assert an issue cognizable on federal habeas review. *See, e.g., Beckley v. Minor*, 2005 WL 256047 (3d Cir. Feb. 3, 2005)("where the relief sought 'would not alter [petitioner's] sentence or undo his conviction,'" a district court does not have habeas jurisdiction)(not precedential); *Urrutia v. Harrisburg County Police Dept.*, 91 F.3d 451, 462 (3d Cir. 1996); *Oberly v. Kearney*, 2000 WL

1876439, *2 (D. Del. Dec. 15, 2000)(finding that a claim alleging petitioner is entitled to work release or home furlough is properly characterized as a § 1983 claim and not a § 2254 claim).

Nevertheless, there is caselaw suggesting that Boyd's claim can be construed as challenging the execution of his sentence, which is an issue cognizable on federal habeas review. *See Woodall v. Fed. Bur. of Prisons,* 432 F.3d 235, 241-44 (3d Cir. 2005)(holding that federal prisoner's challenge to the BOP's regulations regarding placement in community confinement constituted a challenge regarding the execution of his sentence, properly brought under 28 U.S.C. § 2241.); *Lovett v. Carroll,* 2002 WL 1461730 (D. Del. June 27, 2002)(habeas petition challenging petitioner's continued detention at Level V custody, when sentencing order required him to be transferred to the boot camp program, construed as claim challenging the execution of his sentence); *Coady v. Vaughn,* 251 F.3d 480 (3d Cir. 2001)(claim challenging execution of sentence properly presented under 28 U.S.C. § 2254). The record reveals that Boyd started to serve the Level III probationary portion of his sentence on November 17, 2004. Consequently, even if Boyd's claim regarding the failure to transfer him to Level IV confinement presents an issue cognizable on federal habeas review, the claim is now moot because the alleged unlawful execution of his sentence has ceased.[1] *See, e.g., Lovett,* 2002 WL 1461730, at *2 (once unlawful

---

[1] There are four circumstances in which a claim may not be dismissed as moot: (1) the dismissal of the claim will have collateral consequences for the petitioner; (2) the issue is a wrong that is capable of repetition yet evading review; (3) the respondent voluntarily ceases the alleged illegal practice but can resume it at any time; and (4) it is properly certified as a class action. *See Chong v. District Director, INS,* 264 F.3d 378, 384 (3d Cir. 2001). However, none of these exceptions apply to Boyd's situation. First, the dismissal of the petition will not have collateral consequences because it will not affect the release date for the sentence Boyd is currently serving. *Cf. DeFoy v. McCullough,* 393 F.3d 439, 442 (3d Cir. 2005). The second exception would only apply if Boyd committed new crimes while on probation or otherwise violated the conditions of his probation, and then only if the Department of Correction were to hold him at a higher supervision level than authorized by an order from a Delaware court. The

execution of sentence ceased, petitioner lacked standing to maintain the habeas action and the court dismissed his petition as moot).

Accordingly, the court will dismiss Boyd's petition because neither interpretation of the instant claim warrants federal habeas relief.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court concludes that Boyd's petition does not warrant federal habeas relief. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, Boyd's petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

---

likelihood of this "repetition" is pure conjecture, and therefore, does not present an issue "capable of repetition, yet evading review." *See Weinstein v. Bradford*, 423 U.S. 147, 149 (1975); *Abdul-Akbar v. Watson*, 4 F.3d 195, 206-07 (3d Cir. 1993)(holding that conjecture regarding a plaintiff's re-incarceration does not satisfy this narrow exception). The third exception does not apply because the State cannot re-incarcerate Boyd unless he violates the terms of his probation, which is an action within his own control. Finally, the last exception does not apply because the instant proceeding is not a class action.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD BOYD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. A. No. 04-1446-GMS |
| ) | |
| THOMAS L. CARROLL, Warden, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:

1. Richard Boyd's petition for the writ of habeas corpus, filed pursuant to 28 U.S.C § 2254, is DISMISSED, and the relief requested therein is DENIED. (D.I. 1; D.I. 2)

2. The court declines to issue a certificate of appealability.

Dated: March 30, 2006

_____
UNITED STATES DISTRICT JUDGE